Mr. Justice Robb
delivered the opinion of the Court:
This is an appeal from a decision of the Commissioner of Patents, refusing the following claims of the appellant, William Hermann Scbarf:
“16. In a linotype machine, the combination of a magazine *340 in operative position, a magazine directly above the same, disconnected from the machine, and means whereby the positions of said magazines may be interchanged.
“17. In a linotype machine, the combination of means to sustain a magazine in operative position upon the machine, and means to store an idle magazine above the operative position of the magazine upon the machine.
“18. In a linotype machine, the combination of means to sustain a magazine in operative position upon the machine, and storage means for an idle magazine directly above the machine, whereby the positions of the operative magazine and the idle magazine may be interchanged by the operator without necessitating his leaving the machine.”
Fifteen claims covering details of appellant’s structure were allowed by the Patent Office. The rejected claims are supposed to cover the particular arrangement of storage devices for magazines used in the operation of a linotype machine. Claim 16 covers broadly the idea of storing such magazines above and disconnected from the machine. Claim 17 omits the limitation that the storage 2nust be disconnected from the machine. Claim 18 contains the additional feature that the magazines may be interchanged by the operator “without necessitating his leaving the machine.”
In the Dodge patent of October 22, 1895, the same elements disclosed by appellant are found. In the Kretschmar patent of August 14, 1906, the same elements are disclosed, but the storage device is located at one side of instead of above the main frame of the machine. But apart from those references, we agree with the Patent Office that there is nothing patentably novel in locating a series of shelves above the machine. No mechanical means are shown “whereby the position of said magazine may be interchanged.” All that is shown is a lever, the operation of which lifts the forward end of the magazine clear of the assembling chute; in other words, it enables the operator more easily to grasp the magazine. The work of interchanging is then manually done. Obviously, therefore, appellant is not entitled to a patent on something not invented. *341 The limitation in claim 18 is broad enough to cover the Kretschmar construction. Grant that in appellant’s device it is unnecessary for the operator to leave the front of the machine, his claims, as drawn, cover much more.
We agree with the Patent Office tribunals in the rejection of those claims. The decision of the Commissioner is affirmed, and the clerk will certify this opinion according to law.

Affirmed.